IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 19-30293
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**

October 29, 2019

Lyle W. Cayce
Clerk

REBECCA BELLUE,

   Plaintiff - Appellant

v.

SID GAUTREAUX, In his official capacity as East Baton Rouge Sheriff;
ELEANOR T. STEWART, Captain,

   Defendants - Appellees

_____

Appeal from the United States District Court
For the Middle District of Louisiana
USDC No. 3:17-CV-576

_____

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

 Rebecca Bellue, a white female, brought claims of race discrimination, hostile work environment based on sex, and retaliation arising out of her employment as a deputy with the East Baton Rouge Sheriff's Office. She sued

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

individual supervisors under section 1981 for the race and sex claims.[1] The district court dismissed those claims for failure to state a claim under Rule 12(b)(6). As to the race claim, the court concluded that she did not allege an adverse employment action nor any facts that could plausibly support a claim of racial discrimination. As to the sex claim, the court concluded that the allegations did not establish severe or pervasive harassment. Bellue does not address those grounds for the Rule 12(b)(6) ruling in her brief. Her brief focuses only on the summary judgment evidence relating to her retaliation claim that was dismissed at that later stage of the case. Because Bellue does not make any specific arguments to challenge the court's dismissal of the race discrimination and hostile environment claims at the pleading stage, she has waived her appeal of that ruling. *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 732 (5th Cir. 2018) ("An appellant abandons all issues not raised and argued in [his] initial brief on appeal." (quotations omitted)).

The district court granted summary judgment on Bellue's claim that she was fired in retaliation for reporting sexual harassment. Bellue appeared to assert this claim against the Sheriff's Office under Title VII. But the government agency was not named as a defendant. Although Sheriff Gautreaux was named as a defendant in his official capacity, Title VII does not extend even to a public official sued in his official capacity. *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 382 n.1 (5th Cir. 2003) ("Individuals are not liable under Title VII in either their individual or official capacities."). Gautreaux, however, did not raise the defense that he was not subject to a Title VII suit. The district court thus considered the merits of the retaliation claim.

---

[1] It appears she may have also sued the individual defendants under Title VII. But individuals are not subject to Title VII. *Smith v. Amedisys, Inc.*, 298 F.3d 434, 448 (5th Cir. 2002).

No. 19-30293

It applied the *McDonnell Douglas* burden-shifting framework and concluded that there was a "veritable smorgasbord of documentary evidence that establishes Plaintiff's inability or unwillingness to properly execute her job duties." Those nonretaliatory reasons shifted the burden to Bellue to produce evidence of pretext. Having reviewed the briefs, record, and governing law, we agree with the district court that Bellue did not identify evidence to rebut Gautreaux's legitimate reasons for firing her.

Bellue also challenges the district court's rejection of her request to file an amended pleading. That request came in a footnote to her summary judgment opposition brief, which was filed about three months after the court had dismissed all her claims except for the retaliation claim. The district court concluded this request was too late as the claims had already been dismissed and also noted that Bellue had failed to file a copy of the proposed amended pleading. Given those circumstances, denying the request for leave to amend was not an abuse of discretion.

AFFIRMED.